## No. 6
### ZDANOWICZ v. SARBER
Ohio Appeals, 3rd Dist., Allen Co.

No. 419.   Decided Oct. 21, 1925

**211.   CAUSE OF ACTIONS**—Plaintiff must elect upon which cause of action he would proceed when two are inconsistent with each other.

HUGHES, J.

This action was brought by the Peter Zdanowicz against John Sarber, based upon two causes of action set out in the petition. The first was based upon a breach of warranty relative to the sale of an automobile.

It was shown by the pleadings that an automobile was sold to Zdanowicz by Sarber and that a chattel mortgage and a real estate mortgage were taken to secure the payment of the purchase price, evidenced by a cognovit note. When the note came due, judgment was taken by confession and foreclosure proceedings had after personal service of summons on Zdanowicz, and an order of sale issued.

The day before the sale, he came in and paid the judgment in full, and the costs. The automobile had also been taken under the terms of the chattel mortgage, but upon the payment of the judgment, it was returned to him. In his first cause of action, he alleged that the automobile was not as warranted, and prayed judgment for a breach of the warranty.

In the second cause of action, Zdanowicz alleged that he was the owner of this automobile and that Sarber took and carried away the same and unlawfully converted it to his own use. Wherefore he prayed judgment for the conversion.

When the case came on for trial, the Allen Common Pleas Court required Zdanowicz to elect upon which cause of action he would proceed to trial, and after saving his exceptions, he chose to proceed on his first cause of action for a breach of the warranty. This was the sole error complained of in the Court of Appeals, the verdict of the jury and the judgmenet of the court below, being against the plaintiff. The court held:

It is perfectly apparent that the two causes of action are inconsistent with each other. In the first, Zdanowicz elects to keep the automobile and sue for a breach of the warranty. In the second, it would be an election to permit Sarber to keep the automobile and sue for its value as in trover.

There was no error in the action of the trial court, and the judgment is affirmed.

Judgment affirmed.

Attorneys—McLain and Gerstenlaner for Zdanowicz; L. E. Ludwig for Sarber; all of Lima.